[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action concerns a dispute among neighbors in Westport whose homes abut or are near to the Saugatuck River. The plaintiff Suvarna M. Shah complains that her neighbors have constructed fences which obstruct her view of the river in violation of certain restrictive covenants and the Westport Zoning regulations. The defendants have moved for summary judgment (#138) as to the first and fourth counts.
By way of background the plaintiff owns a residence known as lot 3 on Map number 7572 of the Westport Land Records, which she purchased from the defendant Stephen Gulick, Jr., who owned all of the lots on this map. However, his wife Jean R. Gulick, also a defendant, is the present owner of record of lot 6. On October 19, 1984, the defendant Gulick deeded lot 5 to defendant Mr. Earl Smith, Jr. The plaintiff's lot 3 is adjacent to and abuts both lots 5 and 6.
The deed from Gulick to Smith contained the following clause:
 . . .within the area labeled "Easement of View `A'" on said map, Grantee shall be prohibited from permitting any shrub or tree to grow more than 4 feet in height unless approval is obtained from the adjoining property owner whose view would be affected thereby or from constructing any fence or structure exceeding 4 feet in height. . .or any fence other than a split rail. . .
The same provision is also referenced to an "Easement of View B, a both of which are depicted on a certain Map 8224 in the Westport Land Records.
Mrs. Shah contends that she is the beneficiary of these easements. Also, her deed from Gulick states that the plaintiff's lot is conveyed subject to the agreements and covenants contained in the deed from Gulick to Smith.
In count one of her complaint, Mrs. Shah alleges that the defendants violated these covenants by erecting fences which CT Page 1134 obstruct her view of the waterfront and impair the value of her property. One fence is said to be of a stockade type, ten feet in height in certain places and located in the property line between lots 5 and 6, and the other of a similar type and height running at a right angle from the Gulick home on lot 6.
In count four, the plaintiff alleges that the defendants' fences exceed eight feet in height and are in violation of the Town of Westport's zoning regulations, and that she has been I damaged by the loss of enjoyment of her property and its devaluation. In both of these counts the plaintiff alleges that she has no adequate remedy at law, and therefore requests a permanent injunction compelling the defendants to dismantle and remove the fence as well as other relief.
The defendants' motion for summary judgment contends with respect to count one that the plaintiff has no legal right or cognizable claim to any right of view over the defendants' property to the Saugatuck River. As to count four, they argue that summary judgment should be granted because the plaintiff has failed to exhaust her administrative remedies by appealing to the Westport zoning authorities, and therefore, that this court lacks subject matter jurisdiction.
The criteria for summary judgment have been discussed many times by this state's appellate courts and were recently summarized by the Supreme Court in Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-79, 573 A.2d 699 (1990), as follows: (1) a summary judgment may be granted if, in the words of Practice Book 384, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law; (2) a material fact is one that will make a difference in the outcome of the case; (3) the test for granting summary judgment is whether the movant would be entitled to a directed verdict on the same facts, (4) the movant has the burden of demonstrating that there are no issues of material fact, but the nonmovant must do more than simply make a bald statement that an issue of fact exists. Rather, he must state specific facts contradicting the facts contained in the papers supporting the motion and thus demonstrate the existence of disputed factual issues.
As to the first count, it is rather clear that the affidavits in support of the motion for summary judgment and in opposition thereto raise factual issues. The affidavit of defendant Gulick states: "I never granted, nor did I ever intend to grant, water view easement rights to Suvarna M. Shah with Lot 3." The plaintiff's affidavit, on the other hand, states that Mr. Gulick represented to her that she would have a water view, and that: "it was intended that the deed from Stephen Gulick, CT Page 1135 Jr., to myself incorporate the benefit of the water view easement described in the deed from Stephen Gulick, Jr., to Earl M. Smith, Jr. dated October 19, 1984." The contradictions contained in these two affidavits concerning intent to give the plaintiff a view easement points up the inappropriateness of the defendants' request for summary judgment. The defendants have failed, in I other words, to sustain their burden of showing that it is quite clear what the truth is, and that there is no real doubt as to the existence of any genuine issue of material fact. In contrast, the plaintiff has submitted evidence that demonstrates the existence of a material fact. Therefore, viewing the facts presented in the light most favorable to the nonmoving party as we must, the motion for summary judgment is denied as to count one.
The defendants' motion for summary judgment claiming that the plaintiff failed to exhaust her administrative remedies can be characterized as "`in effect a motion to dismiss for lack of subject matter jurisdiction'" because the issue is `whether the court lacks subject matter jurisdiction because of the plaintiff's failure to exhaust administrative remedies.'" Cummings v. Tripp, 204 Conn. 67, 74, 527 A.2d 230 (1987).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . 9"[D]espite this principle. . .we held that `[a]ny person specifically and materially damaged by violation of the zoning ordinances which has occurred or is likely to occur on another's land may seek injunctive relief restraining such violation [without exhausting administrative remedies].'" Cummings v. Tripp, Id. at 75.
In Cummings, the plaintiff's attorney wrote to the East Lyme zoning enforcement officer complaining that the defendants' rental of seven cottages and one house violated the zoning regulations. The zoning enforcement officer did not find the defendants in violation of any zoning regulations yet he advised the plaintiff that he could appeal to the zoning board of appeals. The plaintiff did not appeal. The court held "that the failure to appeal the inaction of the building inspector in enforcing the town zoning regulations to the zoning board of appeals did not preclude the defendants from bringing an action for injunctive relief against such violations." Id. at 75. The court affirmed the trial court referee's conclusions that the "defendants' use of the property has caused the plaintiffs much annoyance, personal inconvenience and irritation." Id. at 76.
On the basis that any person specifically and materially damaged by a violation of zoning ordinances on the land of CT Page 1136 another is not required to exhaust administrative remedies, the motion for summary judgment must be denied as to count four as well.
So Ordered.
Dated at Stamford, Connecticut this 25 day of February, 1991.
WILLIAM B. LEWIS, J.